**Paul Sakuya ALDREDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–186–CR.**

Court of Appeals of Texas, Waco.

Dec. 31, 1985.

---

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Todd Jermstad, Asst. Dist. Atty., Bryan, for appellee.

HALL, Justice.

◼ This appeal is from an order revoking appellant's felony probation. The revocation order was based upon allegations by the State and findings by the trial court that appellant violated the terms and conditions of his probation by (a) committing the offense of indecent exposure on April 7, 1985, and (b) by failing to abstain from the use of marihuana on March 28, 1985. At the revocation hearing, appellant pleaded "true" to violation (a), but he pleaded "not true" to violation (b). For reversal of the order revoking probation appellant asserts in a single ground of error that the evidence was insufficient to support the trial court's affirmative finding on violation (b). Even if this contention is true, it does not call for reversal of the revocation order. One sufficient ground for revocation will support the order revoking probation. *Jones v. State*, 571 S.W.2d 191, 193–94

(Tex.Cr.App.1978). The sufficiency of the evidence cannot be challenged in the face of a plea of "true." Appellant's plea of "true" to violation (a), standing alone, is sufficient to support the revocation of probation. *Cole v. State*, 578 S.W.2d 127 (Tex. Cr.App.1979).

◼ Moreover, the evidence supports the trial court's affirmative finding on violation (b). Appellant admitted in his testimony at the revocation hearing that on June 10, 1985, he told his probation officer that he had used marihuana on March 28, 1985, but he further testified that he had lied to his probation officer. As trier of the facts and judge of appellant's credibility as a witness, the trial court was entitled to believe that appellant told his probation officer the truth on June 10, 1985, and that appellant was lying on the witness stand at the hearing.

Appellant's ground of error is overruled. The judgment is affirmed.