**Mustaphh Mahmoud FARRAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00334–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 7, 1988.

328

David M. Jones, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from an order revoking probation. In 1982, appellant entered a plea of no contest to an indictment charging him with the offense of aggravated assault causing bodily injury with the use of a deadly weapon, and his punishment was assessed at five years, probated. In May of 1985, appellant was convicted of arranging a marriage in violation of the immigration laws and sentenced to three years in federal prison. He was released after serving approximately eight months. On January 16, 1987, the State filed a first amended motion to revoke appellant's probation, alleging that he failed to report to his state probation officer after he was released from federal prison. The trial court agreed, revoked appellant's probation, and assessed punishment at five years.

In his first two points of error, appellant contends that there is a fatal variance between the offense that he was originally charged with and the allegation of the offense in the revocation motion. Moreover, appellant urges that no evidence was presented at the revocation hearing on the original offense for which appellant was charged and convicted.

The first amended motion to revoke probation recited that the appellant was "adjudged guilty of the offense of aggravated assault—serious bodily injury, a felony...." However, appellant originally pleaded guilty as charged in the indictment for aggravated assault causing bodily injury with the use of a deadly weapon. Compare Tex.Penal Code Ann. sec. 22.02(a)(1) (Vernon Supp.1987) and Tex.Penal Code Ann. sec. 22.02(a)(4) (Vernon Supp.1987). On all subsequent court documents, including the stipulation of evidence and the conditions of probation form, the offense was recited as "aggravated assault-serious bodily injury." Likewise, appellant's probation officer testified that appellant was previously convicted of aggravated assault, causing serious bodily injury.

Appellant contends that he has been harmed and misled to his prejudice because these documents recite that he was convicted of a new offense. Appellant did not make this contention in the trial court, and it is obvious that this mistake was the result of clerical errors.

It is well settled that the pleadings in a revocation proceeding need not meet the more precise particularities of an indictment, information, or complaint. Champion v. State, 590 S.W.2d 495 (Tex. Crim.App.1979). The file contained the original "waiver of constitutional rights, agreement to stipulate, and judicial confession," as well as the original judgment granting probation. Both of these documents reflected the offense as aggravated assault with the use of a deadly weapon. Compare Guillot v. State, 543 S.W.2d 650 (Tex.Crim.App.1976), and Isabell v. State, 494 S.W.2d 572 (Tex.Crim.App.1973) (where errors in the dates of conviction were held to be clerical errors and not fatal variances).

The trial court also can take judicial notice of any records contained in the court's file. See Mason v. State, 495 S.W.2d 248, 250 (Tex.Crim.App.1973).

The judgment revoking probation recites simply that appellant was convicted of "aggravated assault," and that appellant was assessed the punishment that was ordered probated in the original sentencing, namely, five years. No harm has been shown because of this clerical error.

Points of error one and two are overruled.

In his third point of error, appellant urges that there is insufficient evidence to support the trial court's finding that appellant failed to report to his probation officer.

 The only question before this Court is whether there is an abuse of discretion in the trial court's revocation of appellant's probation. *Flournoy v. State*, 589 S.W.2d 705 (Tex.Crim.App.1979). Where the State has failed to meet its burden of proof by establishing a violation of the conditions of probation by a preponderance of the evidence, the trial court abuses its discretion in issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984).

The first amended motion to revoke probation alleged that appellant failed to: (d) report to P. Sparks, Adult Probation Officer for the 248th District Court, Harris County, Texas, or any other Probation Officer to whom supervision of your case may be assigned....

Specifically, the State alleged that appellant failed to report for the months of August 1986, September 1986, October 1986, November 1986, December 1986, and January 1987.

The evidence revealed that appellant was placed on probation on May 12, 1982. The last time that he reported to his state probation officer was April 30, 1985. In May of 1985, appellant was incarcerated in federal prison. He was later paroled to a half-way house in Houston in July of 1986. He undisputably did not report to his state probation officer for the dates alleged by the State.

However, it is also undisputed that appellant did report to his federal parole officer in August 1986, September 1986, October 1986, November 1986, December 1986, and January 1987. Appellant contends that the federal parole officer told him that it was unnecessary that he report to the state probation officer. He also points to the language in the condition that states "or any other Probation Officer" in support of his contention that he did not breach the conditions of probation.

The federal parole officer testified that when appellant reported, he inquired as to whether "he [appellant] had been reporting to the state" and "if everything was okay with the state probation officer." Appellant replied that everything was "fine." The federal parole officer also denied that he ever told appellant that appellant did not need to report to the state probation officer.

Considering the evidence before the trial court, we decline to hold that the trial court abused its discretion in revoking appellant's probation.

Point of error three is overruled.

The order revoking probation is affirmed.