Daniel Newton **HENDLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00040–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 4, 1990.

---

Paul G. Johnson, Angleton, for appellant.

Jim Mapel, Crim. Dist. Atty., James L. Turner, Asst. Dist. Atty., Angleton, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

COHEN, Justice.

Appellant pled guilty to driving while intoxicated, and the trial court assessed his punishment at a fine of $100 and jail confinement of 730 days, which was probated.

The State moved to revoke probation, alleging that appellant had violated five terms of his probation, i.e., by committing

the offense of public intoxication on October 30, 1988; by using intoxicating liquor on October 30, 1988; by failing to avoid injurious or vicious habits on June 16, 1988;[1] by not reporting to his probation officer during August, September, and October 1988; and by failing to pay his $25 monthly probation fee for October 1988.[2] The court found the allegations true, except as stated, revoked probation, and reduced the sentence to jail confinement for 365 days.

Appellant contends the evidence was insufficient.

▮ One sufficient ground will support a revocation of probation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). Probation Officer Reed testified that appellant failed to report in August, September, and October 1988. There was no contrary evidence, and no evidence of any excuse for the months of August and September. Nor does appellant argue on appeal that the evidence to support this ground of revocation is insufficient. Failure to report constitutes sufficient grounds for revocation of probation. *See, e.g., Cole v. State,* 578 S.W.2d 127 (Tex.Crim.App. [Panel Op.] 1979); *Farran v. State,* 744 S.W.2d 327, 329 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The trial judge did not abuse his discretion in finding that appellant violated this condition of his probation. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

We overrule the first point of error.

Appellant next contends the trial court erroneously allowed a witness, probation officer Reed, to stay in the courtroom while other witnesses testified.

Appellant invoked Tex.R.Crim.Evid. 613 ("the rule") that provides for the exclusion of witnesses during the testimony of other witnesses. Rule 613 does not authorize exclusion of "a person whose presence is shown by a party to be essential to the presentation of his cause." The prosecutor made a one-sentence, conclusory statement that Reed was essential and asked that she

be exempted from the rule. She presented no evidence, testimony, or argument to support the exemption. The court nevertheless exempted Reed from the rule and allowed her to stay and hear the other witnesses testify.

▮ Enforcement of the rule rests within the sound discretion of the trial court. *Green v. State,* 682 S.W.2d 271, 294 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). The court's decision will not be reversed unless an abuse of discretion is shown. *Id.* The purpose of the rule is to prevent corroboration, contradiction, and the influencing of witnesses. *Ex parte Robertson,* 731 S.W.2d 564, 566 (Tex.Crim.App.1987).

▮ We note that Reed did not testify about the events of October 30, 1988, and therefore, no harm resulted from her presence during the testimony on that subject. Except for appellant, who testified after Reed, Reed was the sole witness concerning appellant's failure to report. Reed and others testified about the events on June 16, 1988. This caused no harm, however, because the court ruled for appellant concerning this allegation. *See, e.g., Hougham v. State,* 659 S.W.2d 410, 413 (Tex. Crim.App. [Panel Op.] 1983); *Allen v. State,* 536 S.W.2d 364, 367–68 (Tex.Crim. App.1976); Tex.R.App.P. 81(b)(2).

▮ We note that the State made no "showing" that Reed was essential, as required by rule 613, and nothing shows that her presence was essential. The probation officer's presence during the testimony of other witnesses will usually not be essential to the State's presentation, and there will be cases where it will not be harmless beyond a reasonable doubt. A trial judge has discretion to disregard the rule when the person's presence is *shown* to be *essential.* Absent that showing, the trial judge "shall order witnesses excluded so that they cannot hear the testimony of other witnesses...." Tex.R.Crim.Evid. 613.

▮ We judicially know that some trial courts routinely allow probation officers to

---

1. The Court found this allegation not true.

2. The State abandoned this last allegation.

remain and, also, that their testimony is sometimes disputed. This custom should not be allowed to conflict with the requirements of rule 613. We caution trial courts to exclude probation officers from the courtroom, upon request, unless the State shows that their presence is "essential."

We overrule appellant's second point of error.

Appellant next contends that the trial court erred in allowing the probation officer to recommend that probation be revoked.

■ Reed testified that, in her opinion, appellant's probation should be revoked. Appellant objected, claiming such testimony invaded the province of the court, no proper predicate was laid, and Reed was "not qualified." The first two objections are general and preserve no error. Moreover, they are without merit. *See* Tex.R. Crim.Evid. 704. We will consider only the third objection.

■ Reed's testimony concerned the disposition, or remedy, the judge should order if the State's allegations were true. A trial judge is never required to revoke probation, but may continue the probation or amend the terms. *Flournoy v. State,* 589 S.W.2d 705, 707–708 (Tex.Crim.App. [Panel Op.] 1979); Tex.Code Crim.P.Ann. art. 42.12, sec. 8(a) (Vernon Supp.1989). In so deciding, the judge must consider the ends of justice and the best interests of the public and of the defendant. Art. 42.12, sec. 3. One important factor is whether the probation department is able to assist the probationer's rehabilitation, a subject on which the probation officer will normally be an expert. There was no evidence that Reed was not an expert concerning the desirability of various options available to the court under the probation law.

We overrule the third point of error.

Appellant next contends the trial court erred in allowing Reed's testimony about appellant's reaction when she told him that he should be treated for alcohol abuse.

■ Reed testified that appellant screamed and pounded on her desk on July 21, 1988, when she stated she wanted to amend the terms of his probation to include alcohol abuse treatment. Appellant objected that the testimony was irrelevant. Reed's testimony was irrelevant to the events of October 30, 1988, to the events of June 16, 1988, and to appellant's failure to report. However, for the reasons just stated, the testimony was relevant to a determination of the proper remedy, assuming the State's allegations were found true. We note that appellant did not claim surprise or inability to defend, did not request a continuance, and did not object that the evidence was outside the State's pleadings.

Unpleaded misconduct by a probationer is usually not admissible. Pleadings are essential to give adequate notice. *See generally* art. 42.12, sec. 8(a), limiting the State's right to amend its pleadings within seven days of trial and prohibiting amendment after evidence is heard. Additionally, some evidence of unpleaded misconduct will be irrelevant, under Tex.R.Crim.Evid. 401, and even relevant evidence may be excluded on special grounds. *See* Tex.R. Crim.Evid. 403. Finally, upon proper objection regarding lack of pleadings or surprise, exclusion of the evidence or a continuance may be required. In this case, however, only the relevance objection is before us.

We hold that the evidence was relevant because it concerned the proper remedy, and the trial court did not abuse its discretion by admitting it.

We overrule appellant's fourth point of error, and affirm the judgment.