State v. Spigener 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-129-CR

     THE STATE OF TEXAS,
                                                                                              Appellant
     v.

     JEFFREY L. SPIGENER,
                                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 30,423
                                                                                                    

O P I N I O N
                                                                                                    

      The State appeals an order of the district court granting the appellee's motion for new trial.


 
A jury found the appellee, Jeffrey Lynn Spigener, guilty of murdering his wife, and the trial court
assessed punishment at twelve years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice. See Tex. Penal Code Ann. §§ 12.32, 19.02 (Vernon 1994).
      Spigener was indicted by a Hill County grand jury for the murder of his wife, Carolyn Keel
Spigener, and was found guilty on March 29, 1996. After the guilt-innocence stage but prior to
the punishment phase of his trial, Spigener retained additional counsel to assist his originally
retained attorney. Punishment was assessed by the trial court on April 3, 1996, and Spigener,
through his new counsel, filed a motion for new trial. Spigener subsequently filed his "Motion
to Arrest Judgment and First Amended Motion for New Trial." A hearing was held on June 4,
1996, and the trial court orally denied the motion. However, two days later, the trial court
rescinded its oral order and granted the motion. On appeal, the State complains in a single point
of error that the trial court abused its discretion when it reversed its original order based on a letter
it received from Spigener's attorney in which the attorney impliedly accused the trial court of
improper conduct. We will affirm.
      The proper standard of review for a trial court's granting of a motion for new trial is
determining whether the court abused its discretion. State v. Gonzalez, 855 S.W.2d 692, 696
(Tex. Crim. App. 1993). As an appellate court, it is not within our authority to substitute our
judgment for that of the trial court; instead, we must decide whether the trial court's decision was
arbitrary and unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); Gonzalez,
855 S.W.2d at 695 n.4.
      The State contends the trial court based its decision granting Spigener a new trial on the letter
sent to the court by Spigener's attorney. However, the State has failed to present a sufficient
record on appeal showing the letter had any impact on the court's decision to reverse its previous
denial of Spigener's motion for new trial. Tex. R. App. 50(d) (the burden is on the party seeking
review to provide the appellate court with a sufficient record showing error requiring reversal);
Gonzalez, 855 S.W.2d at 695 (when the State acquired the right to appeal, it also acquired the
corresponding duty to provide the appellate court with a record showing error requiring reversal).
      Our review of the State's point of error does not end here. Because the written order granting
Spigener's motion for new trial does not state the reason or reasons on which the trial court relied,
we must presume the trial court relied on any one or more of the six grounds raised.


 We will
affirm on any ground upon which the trial court could have properly relied. See Jones v. State,
571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978) (one sufficient ground will support
a revocation of probation); Hendley v. State, 783 S.W.2d 750, 752 (Tex. App.—Houston [1st
Dist.] 1990, no pet.) (same); Aldredge v. State, 703 S.W.2d 354, 355 (Tex. App.—Waco 1985,
no pet.) (same).
      Spigener moved for a new trial contending, inter alia, he received ineffective assistance of
counsel. His motion was accompanied by the affidavit of a juror. In her affidavit, the juror stated
that, during trial, Spigener's counsel had difficulty remembering Spigener's name, the attorney
handled the gun used to kill the victim in a manner that made the jurors nervous, and during
closing argument, the attorney told a story that she considered racist and inappropriate and a story
about one of his missions during World War II which confused her. The court held a hearing on
Spigener's motion. At the hearing, Spigener's trial counsel testified. Under oath, the attorney
stated that he did not interview the State's medical or forensic experts or the victim's father, who
was in Spigener's house at the time Carolyn Spigener was killed. He further admitted that he
made a mistake in not timely filing a motion for the jury to assess punishment and an application
for probation. Spigener testified at the hearing that his trial counsel spent very little time with him
prior to trial. Spigener also stated that his trial counsel did not accurately explain the plea bargain
offered by the State.


 Madeline Holland also testified at the hearing.


 She stated that Spigener's
trial counsel never interviewed her prior to trial and that he did not elicit important testimony from
her during the trial.



      The test for determining ineffective assistance of counsel at the guilt-innocence phase of trial
is the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052,
2064 (1984). To prove ineffective assistance of counsel, the defendant must prove that trial
counsel's representation fell below the standard of prevailing professional norms and that there
is a reasonable probability that but for counsel's deficiency the result of the trial would have been
different. McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992); see Strickland, 466
U.S. at 687-88, 104 S.Ct. at 2064; Chambers v. State, 903 S.W.2d 21, 32 (Tex. Crim. App.
1995); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Owens v. State, 916
S.W.2d 713, 716 (Tex. App.—Waco 1996, no pet.). 
      Based upon the affidavit attached to Spigener's motion for new trial and upon the evidence
adduced at the hearing on his motion, the court could have found that Spigener's trial counsel
rendered ineffective assistance. See Ex parte Welborn, 785 S.W.2d 391, 396 (Tex. Crim. App.
1990); Diaz v. State, 905 S.W.2d 302, 307-08 (Tex. App—Corpus Christi 1995, no pet.). 
Consequently, the trial court did not abuse its discretion in granting Spigener a new trial. Having
so determined, we need not reach any of the other grounds asserted in his motion.
      The order is affirmed, and the case is remanded for a new trial.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed and remanded
Opinion delivered and filed April 30, 1997
Do not publish



“ejusdem generis” canon of construction, which states that the
general phrase is limited to the same types of things that are listed more specifically. William
D. Popkin, Materials on Legislation 345 (1993); see also Cortez v. Progressive County Mut.
Ins. Co., 2000 WL 1125257, at *4 (Tex. App.—Austin Aug. 10, 2000, no pet.).
      Looking to subsection (L) of the current statute, we find that competitive team sports, such
as softball, are still not within the catch-all phrase, “any other activity associated with enjoying
nature or the outdoors.” While one might enjoy nature or the outdoors while playing softball,
softball is not of the type of activities which are specifically listed in section 75.001(3), i.e.,
“hunting, fishing, swimming, boating, . . .” Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3). 
This supports our holding that the legislature intended not to include competitive team sports
within the definition of “recreation.” See Martinez, 1 S.W.3d at 149.
      The second amendment occurred in 1999, when the legislature added hockey, in-line hockey,
skating, and skateboarding as “recreation” activities, but only if conducted in an indoor municipal
facility. Act of May 18, 1999, 76th Leg., R.S., ch. 734, § 1, 1999 Tex. Gen. Laws 3345 (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 75.002(e) (Vernon Supp. 2001)). However,
this amendment names specific competitive team sports, and appears in a different section. The
inclusion of hockey and in-line hockey implies consideration and rejection by the legislature of
other competitive team sports. See Johnson, 514 N.W.2d at 696.
CONCLUSION
      The court erred when it granted the City’s motion for summary judgment. The judgment is
reversed, and the cause is remanded for trial.

                                                                         BILL VANCE
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed February 21, 2001
Publish