Taylor-JM 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-141-CR

     JEFFORY MARK TAYLOR,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 91-359-C
                                                                                                                

O P I N I O N
                                                                                                                

      Jeffory Mark Taylor appeals the revocation of his community supervision by the 54th District
Court of McLennan County. Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon Supp.
1997). We affirm.
       On June 28, 1991, Taylor pled guilty to possession of a controlled substance, and the trial
court assessed punishment at seven years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice, probated for seven years, and a fine of $750. Tex. Health &
Safety Code Ann. § 481.103(a)(3) (Vernon 1992), § 481.116(d) (Vernon Supp. 1997). On June
27, 1996, the trial court found that Taylor had violated the terms of his community supervision
by consuming a controlled substance on five different occasions, failing to report monthly to a
community supervision officer between August 1994 and June 1996, and failing to attend weekly
substance-abuse rehabilitation programs between August 1994 and June 1996. Taylor raises five
points on appeal: (1) the evidence is insufficient to support the trial court's finding that Taylor
consumed controlled substances during his probationary period; (2) the trial court erred in refusing
to allow Taylor to testify for the limited purpose of addressing the voluntariness of his confessions;
(3) the trial court erred in failing to allow Taylor to present relevant evidence prior to revoking
his community supervision; (4) the evidence is insufficient to support the trial court's finding that
Taylor failed to report to a community supervision officer between August 1994 and June 1996;
and (5) the evidence is insufficient to support the trial court's finding that Taylor failed to attend
substance-abuse rehabilitation programs between August 1994 and June 1996.
      In his first point of error, Taylor argues the evidence presented at his revocation hearing was
circumstantial and thereby insufficient to support the court's finding that he violated the terms and
conditions of his probation by consuming controlled substances. Taylor contends that, when only
circumstantial evidence is used by the State to satisfy its burden of proof, the evidence must
exclude every reasonable conclusion except that a violation occurred. We disagree. 
      Taylor's argument is based on an extinct rule of law: the "outstanding reasonable hypothesis"
theory. Desselles v. State, 934 S.W.2d 874, 877 (Tex. App.—Waco 1996, no pet.); see Brown
v. State, 911 S.W.2d 744, 745-46 (Tex. Crim. App. 1995); Geesa v. State, 820 S.W.2d 154, 159
(Tex. Crim. App. 1993). The proper appellate standard of review for a revocation proceeding is
whether the trial court abused its discretion in finding that the State proved by a preponderance
of the evidence that the defendant violated a term or condition of the imposed community
supervision sentence. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet.
ref'd); see Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Absent an abuse of
discretion, we will not disturb the trial court's decision. Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Brumbalow, 933 S.W.2d at 299. 
      As a condition of Taylor's probation, he was required to:
Totally avoid the use of narcotics, barbiturates, habit forming drugs, or any controlled
substance as defined in the laws of the State of Texas, except as previously prescribed by
a Medical Doctor. 
The State, in its “Motion to Revoke Probation,” alleged that Taylor consumed a controlled
substance on five different occasions during his probationary period.


 The evidence presented at
the revocation hearing in support of these allegations was the testimony of Taylor's community
supervision officer, Jerry Watson. Watson testified that Taylor admitted to him that he had
indulged in the consumption of a controlled substance on the dates alleged in the State's motion.
      Admissions made by a probationer to his community supervision officer are sufficient to prove
that the probationer violated the terms and conditions of his probation. See Hernandez v. State,
704 S.W.2d 909, 910 (Tex. App.—Waco 1986, no pet.); see also Cunningham v. State, 488
S.W.2d 117, 119-20 (Tex. Crim. App. 1972). By consuming controlled substances Taylor
violated the terms of his probationary sentence; consequently, the trial court did not abuse its
discretion in revoking Taylor's community supervision. Taylor's first point is overruled. 
      Because one sufficient ground will support a revocation of community supervision we need
not consider Taylor's fourth and fifth points of error. Jones v. State, 571 S.W.2d 191, 193 (Tex.
Crim. App. [Panel Op.] 1978); Hendley v. State, 783 S.W.2d 750, 752 (Tex. App.—Houston [1st
Dist.] 1990, no pet.); Aldredge v. State, 703 S.W.2d 354, 355 (Tex. App.—Waco 1985, no pet.). 
We must, however, address Taylor's second and third points of error.
      In a multifarious third point, Taylor argues that the trial court abused its discretion in not
allowing (1) testimony regarding a negative urinalysis test and (2) testimony as to the hardship
which would result if Taylor were incarcerated.


 We need not address the first sub-point because
we have held that Taylor's admissions to his community supervision officer were sufficient
grounds on which the trial court could revoke Taylor's probation and the negative urinalysis test
was not offered as proof that Taylor had not consumed a controlled substance on any of the dates
alleged in the motion for revocation.


 Therefore, we turn to the remaining issue of whether the
trial court abused its discretion in refusing to hear evidence as to the hardship which would result
if Taylor’s community supervision were revoked. We conclude that it did not.
      Upon a finding of "true" to any allegation of a defendant's violation of the terms and
conditions of his community supervision, the trial court has the sole discretion to either continue,
extend, modify, or revoke the defendant's community supervision. See Richardson v. State, 622
S.W.2d 852, 855 (Tex. Crim. App. [Panel Op.] 1981) (citing Ex parte Feldman, 593 S.W.2d 720,
721 (Tex. Crim. App. 1980)); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon
Supp. 1997). In the present case, the trial court found, among other things, that Taylor had
violated the terms and conditions of his community supervision by indulging in controlled
substances. Upon making this determination, the trial court was authorized to either continue,
extend, modify, or revoke Taylor’s community supervision. See Richardson, 622 S.W.2d at 855;
see also Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b). The trial court chose to revoke. 
Because the trial court found that Taylor had violated the terms and conditions of his community
supervision, we cannot say that the court abused its discretion by revoking Taylor’s community
supervision without hearing additional evidence as to the hardship which would result from
Taylor’s incarceration. See Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992);
Brumbalow, 933 S.W.2d at 300. Taylor’s third point of error is overruled. 
      In his second point, Taylor contends the trial court erred in not allowing him to testify for the
limited purpose of addressing the voluntariness of his admissions of drug use made to his
community supervision officer, Watson. Taylor maintains he should have been allowed to explain
his motive for making false admissions of drug use without being subjected to unlimited cross-examination by the State. We disagree. 
      The due process clause protects a defendant from giving statements as the result of coercive
interrogation tactics. Rodriquez v. State, 934 S.W.2d 881, 890 (Tex. App.—Waco 1996, no pet.);
see Colorado v. Connelly, 479 U.S. 157, 163-64, 107 S.Ct. 515, 520 (1986); Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995). Taylor makes no allegation that his confessions
to Watson were coerced. Because Taylor did not contend that his statements to Watson were
involuntary, he had no right to make a limited appearance to refute the voluntariness of his
statements. Therefore, the trial court did not err in allowing Taylor to be subjected to unlimited
cross-examination by the State. His second point is overruled. 
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 13, 1997
Do not publish