NO. 07-03-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 16, 2004

_____


DERRICK T. PAYTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-427618; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Derrick T. Payton appeals a judgment entered on August 14, 2003, revoking his community supervision and sentencing him to ten years in the Texas Department of Criminal Justice, Institutional Division. Appellant was convicted in 1998, pursuant to a plea bargain, of the offense of delivery of a controlled substance. He was sentenced to ten years confinement in the Texas Department of Criminal Justice, Institutional Division,

probated for ten years under terms and conditions of community supervision. He was ordered to pay restitution in the sum of $820, court costs and fees.

The State filed an application to revoke appellant's community supervision in December 2000, alleging he had tested positive for marijuana in September 1999, and in February and April of 2000, and alleging he failed to report, failed to attend a drug offender's program, and failed to pay restitution, court costs and fees. An agreed motion to modify the terms and conditions of his community supervision was filed by the parties and on May 30, 2002, the court entered an order in accordance with that motion. Additional conditions were imposed and appellant was sentenced to 100 days in the Lubbock County Jail. Upon release he was to be placed on electronic monitoring supervision.

On October 24th, 2002, a second application to revoke appellant's community supervision was filed, alleging that he had committed the offense of evading arrest. This application was amended on April 1, 2003, and again on April 10, 2003. The second amended application alleged he had violated the terms and conditions of his community supervision because he failed to pay court costs, fees and restitution, failed to abstain from the use or possession of alcoholic beverages and drugs, failed to follow the conditions of electronic monitoring supervision, and evaded arrest.

A hearing was held on the second amended application on July 9, 2003. The second amended application alleged violations occurring from April of 1999 up to the date of the hearing. The court, however, considered only violations that occurred subsequent to the

May 2002 modification order.[1]  The conditions of community supervision appellant was alleged to have violated during this time period were:

    a)    Commit no offense against the laws of this or any other State or the United States;

    b)    Avoid injurious or vicious habits; and

    c)    Maintain total abstinence from the use or possession of alcoholic beverages and any narcotics or dangerous drugs not prescribed by a physician . . .

At the conclusion of the hearing, the court found appellant had violated the terms of his community supervision in that:

    A.    On or about the 23rd day of October 2002, appellant committed the offense of evading arrest, and

    B.    Appellant tested positive for marijuana on October 21, 2002 and signed a confession on October 28, 2002 admitting to smoking marijuana and drinking two beers on October 8, 2002.

The court revoked appellant's community supervision and sentenced him to ten years confinement in the TDCJ.

---

[1]The second motion to revoke alleged some of the violations that were previously alleged in the State's first motion to revoke. Due process mandates a new determination that a probationer has breached the conditions of probation after he has been returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the first revocation hearing). See *Matheson v. State*, 694 S.W.2d 661, 662 (Tex.App.–Fort Worth 1985, pet. granted) *judgment reformed*, 719 S.W.2d 204 (Tex.Crim.App. 1986)*. The appellate record reflects, however, that here the revocation of probation was based only on violations that occurred subsequent to the May 2002 modification order. *See Jenkins v. State*, 641 S.W.2d 917, 918 (Tex.Crim.App. 1982).

Appellant presents the following two issues for our review, both challenging the trial court's finding that appellant committed the violation of evading arrest: 1) whether appellant had knowledge that he was being detained by an officer, and 2) whether appellant was held for a lawful detention.

The issue on appeal from an order revoking community supervision is whether the trial court abused its discretion. *See Jackson v. State*, 915 S.W.2d 104, 106 (Tex. App.--San Antonio 1996, no pet.). In a probation revocation proceeding, the State must show by a preponderance of the evidence that the probationer has violated at least one condition of probation as alleged in the revocation petition. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). If the State fails to meet that requirement, the trial court abuses its discretion in revoking probation. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984).

When more than one violation of probationary conditions is found by the trial court, the order revoking probation will be upheld if the evidence supports any of the violations found by the court. *See Alexander v. State*, 879 S.W.2d 338, 340 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd), *cert. denied*, 514 U.S. 1127, 115 S. Ct. 1999, 131 L. Ed. 2d 1000 (1995) (citing *Hendley v. State*, 783 S.W.2d 750, 752 (Tex.App.--Houston [1st Dist.] 1990, no pet.)).

In a revocation proceeding, the trial court is the sole trier of fact and, as such, determines the credibility of witnesses and the weight to be given their testimony. *Moore v.*

*State*, 11 S.W.3d 495, 498 (Tex.App.–Houston [14th Dist.] 2000, no pet.). In determining whether the evidence is sufficient to sustain a probation revocation, we view the evidence in a light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979); *Torres v. State*, 103 S.W.3d 623, 625 (Tex.App.–San Antonio 2003, no pet.).

Appellant's brief focuses on one of the two violations found by the trial court, the offense of evading arrest, arguing that appellant did not have knowledge he was being detained and that appellant was not held under a lawful detention.[2] While the State's initial application to revoke probation was based solely upon the offense of evading arrest, the State later amended the application alleging additional violations. It is not necessary for us to discuss either of appellant's issues because he has failed to address the other violations found by the court which provided sufficient grounds for revocation of appellant's community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

The trial court found that appellant violated the conditions of his community supervision by failing to maintain total abstinence from narcotics and alcohol. The trial court heard testimony that appellant had tested positive for marijuana on October 21, 2002, and confessed on October 28, 2002, to consuming alcohol and smoking marijuana on October

---

[2]At the hearing, Kerri Sawyer, appellant's probation officer, testified that even though appellant had tested positive for marijuana on October 21, 2002, she would not have filed a violation report had it not been for the allegation that appellant had evaded arrest. Appellant argues that because this violation caused the State to file the motion to revoke, if appellant did not commit the violation of evading arrest, there would be no basis to revoke his community supervision. Appellant cites no authority supporting this argument, and we find it to be without merit.

-5-

8, 2002. At the hearing, appellant admitted that the allegations of drug and alcohol use were true. As a part of the modification of the terms of his community supervision, in May of 2002, appellant was sentenced to 100 days of "shock time" in the county jail. Appellant testified that immediately upon being released from the jail facility, he violated his terms of community supervision by smoking marijuana. That testimony and the evidence appellant had used alcohol and marijuana in October of 2002 was sufficient for the court to find appellant committed new violations of the terms of his community supervision after the April 2002 modification order, by using drugs and alcohol.

Appellant's two issues fail to address these violations. Because one violation of the terms and conditions of community supervision provides sufficient grounds to revoke appellant's community supervision, we find the court did not abuse its discretion by revoking appellant's community supervision and imposing the original sentence of ten years imprisonment. The order of the trial court is affirmed.


                                    James T. Campbell
                                    Justice


Do not publish.