NO. 07-08-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2008

______________________________


VICENTE OCHOA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
Â 
_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06J-146; HONORABLE ROLAND SAUL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Vicente Ochoa, plead guilty to felony driving while intoxicated in January
2007 and was placed on community supervision. Appellantâs community supervision was
revoked in May 2008. He now appeals from the revocation of his community supervision
and the resulting sentence of five years in the Institutional Division of the Texas
Department of Criminal Justice. The trial court filed its certification representing that
appellant has the right of appeal. However, the appellate record reflects that appellant
failed to sign the certification, pursuant to Texas Rule of Appellate Procedure 25.2(d),
which requires the certification to be signed by appellant and a copy served on him.


 See
Tex. R. App. P. 25.2(d).
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeal and remand the cause to the 222nd District Court
of Deaf Smith County for further proceedings. On remand, the trial court shall utilize
whatever means it finds necessary to secure and file with this Court a certificate of right to
appeal that complies with Rule 25.2(d). See Tex. R. App. P. 25.2(d).
Â Â Â Â Â Â Â Â Â Â If necessary, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerkâs record. The trial
court shall file the supplemental clerkâs record and the supplemental reporterâs record, if
any, with the Clerk of this Court by November 17, 2008. 
Â Â Â Â Â Â Â Â Â Â It is so ordered. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



cked="false" Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0201-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
D

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NOVEMBER
17, 2010

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ANGELA LEE MCCLENDON,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _____________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 100th DISTRICT
COURT OF CHILDRESS COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 5190; HON.
STUART MESSER, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Memorandum Opinion

______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Angela Lee McClendon (appellant)
appeals her conviction for possession of a controlled substance.Â  Through seven issues, appellant contends the
trial court abused its discretion when it found she had violated probation,
adjudicated her guilty and revoked her community supervision.Â  We affirm.

Â 

Background

Â Â Â Â Â Â Â Â Â Â Â  Appellant pled guilty to possession
of a controlled substance and as part of the plea agreement was placed on
deferred adjudication.Â  Subsequently, the
State filed a motion to adjudicate guilt.Â 
In its motion, the State alleged that appellant violated the following
conditions of probation: Â 1) failed to
stay within the confines of the 100th Judicial District which
includes Carson, Childress, Collingsworth, Donley and Hall counties, 2) to
report monthly, 3) pay a monthly probation fee, 4) pay all costs of court, and
5) appellant was to submit a written financial statement for the months she was
unable to meet her financial obligations.Â 
Appellant contends that the evidence is legally and factually insufficient
to support the aforementioned violations.

Standard
of Review 

Â Â Â Â Â Â Â Â Â Â Â  Â We
review an order revoking community supervision for an abuse of discretion.Â  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).Â  The State has the
burden of showing by a preponderance of the evidence that the defendant
committed a violation of the conditions of community supervision.Â  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).Â  If the State fails to meet its burden of
proof, the trial court abuses its discretion by revoking community supervision.Â  Cardona
v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).Â  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony, and
the evidence is reviewed in the light most favorable to the trial court's
ruling.Â  Id. at 493.Â  Proof of one violation of the conditions of
community supervision is sufficient to support a revocation order.Â  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980).

Â 

Â Â Â Â Â Â Â Â Â Â Â  Analysis

Â Â Â Â Â Â Â Â Â Â Â  In
regards to her contention that the evidence was insufficient to show that she
failed to remain within the confines of the 100th Judicial District,
appellant claims that the testimony by Marci Mills, who was her probation
officer, does not rise to the level of Âpreponderance of the evidence that
Appellant left the 100th Judicial District without permission to do
so.ÂÂ  We disagree and overrule the issue.

Â Â Â Â Â Â Â Â Â Â Â  According
to the record of the adjudication hearing, Marci Mills testified that appellant
had violated her probation when she left the counties of the 100th
judicial district and went to Fort Worth without permission.Â  Appellant did not present any evidence
contradicting this testimony.Â  Therefore,
the evidence was sufficient and the trial court did not abuse its discretion in
adjudicating appellantÂs guilt.Â  See Hendley v.
State, 783 S.W.2d 750, 752 (Tex. App.ÂHouston [1st Dist.] 1990, no
pet.) (holding that the evidence supported revocation
where the probation officer testified to the violation and there was no
contrary evidence and no excuse given for the violation).Â  We overrule appellantÂs first issue.Â  And, since one ground suffices to support
revocation, we need not address appellantÂs remaining issues.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 

Â 

Â 

Do not
publish.

Â Â Â Â Â Â Â Â Â Â Â