NO.  07-09-0201-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                          NOVEMBER
17, 2010

 

                                            ______________________________

 

 

                                                   ANGELA LEE MCCLENDON,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                    FROM THE 100th DISTRICT
COURT OF CHILDRESS COUNTY;

 

                                  NO. 5190; HON.
STUART MESSER, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Angela Lee McClendon (appellant)
appeals her conviction for possession of a controlled substance.  Through seven issues, appellant contends the
trial court abused its discretion when it found she had violated probation,
adjudicated her guilty and revoked her community supervision.  We affirm.

 

Background

            Appellant pled guilty to possession
of a controlled substance and as part of the plea agreement was placed on
deferred adjudication.  Subsequently, the
State filed a motion to adjudicate guilt. 
In its motion, the State alleged that appellant violated the following
conditions of probation:  1) failed to
stay within the confines of the 100th Judicial District which
includes Carson, Childress, Collingsworth, Donley and Hall counties, 2) to
report monthly, 3) pay a monthly probation fee, 4) pay all costs of court, and
5) appellant was to submit a written financial statement for the months she was
unable to meet her financial obligations. 
Appellant contends that the evidence is legally and factually insufficient
to support the aforementioned violations.

Standard
of Review 

             We
review an order revoking community supervision for an abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).  The State has the
burden of showing by a preponderance of the evidence that the defendant
committed a violation of the conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  If the State fails to meet its burden of
proof, the trial court abuses its discretion by revoking community supervision.  Cardona
v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony, and
the evidence is reviewed in the light most favorable to the trial court's
ruling.  Id. at 493.  Proof of one violation of the conditions of
community supervision is sufficient to support a revocation order.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980).

 

            Analysis

            In
regards to her contention that the evidence was insufficient to show that she
failed to remain within the confines of the 100th Judicial District,
appellant claims that the testimony by Marci Mills, who was her probation
officer, does not rise to the level of “preponderance of the evidence that
Appellant left the 100th Judicial District without permission to do
so.”  We disagree and overrule the issue.

            According
to the record of the adjudication hearing, Marci Mills testified that appellant
had violated her probation when she left the counties of the 100th
judicial district and went to Fort Worth without permission.  Appellant did not present any evidence
contradicting this testimony.  Therefore,
the evidence was sufficient and the trial court did not abuse its discretion in
adjudicating appellant’s guilt.  See Hendley v.
State, 783 S.W.2d 750, 752 (Tex. App.–Houston [1st Dist.] 1990, no
pet.) (holding that the evidence supported revocation
where the probation officer testified to the violation and there was no
contrary evidence and no excuse given for the violation).  We overrule appellant’s first issue.  And, since one ground suffices to support
revocation, we need not address appellant’s remaining issues.

            Accordingly,
we affirm the judgment of the trial court.

 

                                                                                    Per
Curiam

 

 

 

Do not
publish.