NO. 07-09-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 17, 2010

_____

ANGELA LEE MCCLENDON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100th DISTRICT COURT OF CHILDRESS COUNTY;

NO. 5190; HON. STUART MESSER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Angela Lee McClendon (appellant) appeals her conviction for possession of a controlled substance. Through seven issues, appellant contends the trial court abused its discretion when it found she had violated probation, adjudicated her guilty and revoked her community supervision. We affirm.

***Background***

Appellant pled guilty to possession of a controlled substance and as part of the plea agreement was placed on deferred adjudication. Subsequently, the State filed a motion to adjudicate guilt. In its motion, the State alleged that appellant violated the following conditions of probation: 1) failed to stay within the confines of the 100th Judicial District which includes Carson, Childress, Collingsworth, Donley and Hall counties, 2) to report monthly, 3) pay a monthly probation fee, 4) pay all costs of court, and 5) appellant was to submit a written financial statement for the months she was unable to meet her financial obligations. Appellant contends that the evidence is legally and factually insufficient to support the aforementioned violations.

*Standard of Review*

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling. *Id.* at 493. Proof of one violation of the conditions of community supervision is sufficient to support a revocation order*. Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

2

*Analysis*

In regards to her contention that the evidence was insufficient to show that she failed to remain within the confines of the 100th Judicial District, appellant claims that the testimony by Marci Mills, who was her probation officer, does not rise to the level of "preponderance of the evidence that Appellant left the 100[th] Judicial District without permission to do so." We disagree and overrule the issue.

According to the record of the adjudication hearing, Marci Mills testified that appellant had violated her probation when she left the counties of the 100th judicial district and went to Fort Worth without permission. Appellant did not present any evidence contradicting this testimony. Therefore, the evidence was sufficient and the trial court did not abuse its discretion in adjudicating appellant's guilt. *See Hendley v. State*, 783 S.W.2d 750, 752 (Tex. App.–Houston [1[st] Dist.] 1990, no pet.) (holding that the evidence supported revocation where the probation officer testified to the violation and there was no contrary evidence and no excuse given for the violation). We overrule appellant's first issue. And, since one ground suffices to support revocation, we need not address appellant's remaining issues.

Accordingly, we affirm the judgment of the trial court.


Per Curiam


Do not publish.


3