Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00609-CR

Ralph **PADILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 10929CR
Honorable James M. Simmonds, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 11, 2012

AFFIRMED

Ralph Padilla appeals the trial court's judgment revoking his probation.  Padilla contends the trial court abused its discretion in revoking his probation because the motion to revoke incorrectly identified the underlying offense.  Padilla also contends the motion to revoke did not provide proper notice.  We overrule Padilla's contentions and affirm the trial court's judgment.

We review a trial court's judgment revoking community supervision under an abuse of discretion standard.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Reasor v.*

*State*, 281 S.W.3d 129, 131 (Tex. App.—San Antonio 2008, pet. ref'd). The State is required to prove a probation violation by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Reasor*, 281 S.W.3d at 131-32. The State meets its burden of proof when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64; *Reasor*, 281 S.W.3d at 132.

The motion to revoke referred to the underlying offense as deadly conduct. Although Padilla was initially charged with deadly conduct, he pled guilty to the offense of unlawful restraint. Apart from the motion to revoke, the documents contained in the record, including the judgment placing Padilla on community supervision and the plea documents, reflect the underlying offense as unlawful restraint. A trial court can take judicial notice of any records contained in its file. *Farran v. State*, 744 S.W.2d 327, 328 (Tex. App.—Houston [1st Dist.] 1988, no pet.). Because the judgment revoking Padilla's probation accurately states that he was convicted of unlawful restraint consistent with the records in the trial court's file and the testimony of Padilla's probation officer at the hearing, the trial court did not abuse its discretion in revoking Padilla's probation for the offense of unlawful restraint. *See id.* at 328-29 (no harm shown by motion to revoke reciting wrong underlying offense); *see also Rubio v. State*, Nos. 01-95-00218-CR & 01-95-00219-CR, 1995 WL 694757, at *2 (Tex. App.—Houston [1st Dist.] Nov. 22, 1995, no pet.) (not designated for publication) (no abuse of discretion in revoking probation even though motion incorrectly identified underlying conviction).

With regard to Padilla's contention that the clerical error in the motion to revoke deprived him of proper notice, Padilla failed to file a motion to quash and failed to make this objection until the conclusion of the evidence. Accordingly, the objection was untimely. *See Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. 1978); *Grantham v. State*, 547 S.W.2d 286, 287

(Tex. Crim. App. 1977); *Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Moreover, "[t]he allegations in a motion to revoke need not be alleged with the same particularity required in an indictment or information, but must fully and clearly set forth the alleged violations of probation so that the defendant might be informed as to what he will be called to defend against." *Labelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986). In order to comport with due process requirements, "the motion to revoke must give the defendant fair notice of the violation." *Id*. In this case, Padilla does not contend that the motion to revoke failed to provide him with fair notice of the alleged violations of his probation conditions. Instead, Padilla asserts the motion to revoke erroneously identified the underlying offense. Because the motion to revoke provided fair notice to Padilla of his alleged violations, Padilla received proper notice.

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH