Wayne B. JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 464–82.

Court of Criminal Appeals of Texas.

Nov. 24, 1982.

Richard Alan Anderson, Dallas, on appeal, for appellant.

Henry Wade, Dist. Atty. and John D. Nation, Victor Oritz and Richard Aguire, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the unauthorized use of a motor vehicle upon his guilty plea before the court to the indictment on June 15, 1979. The imposition of the sentence was suspended and appellant was placed on probation for four (4) years subject to certain conditions.

A motion to revoke probation dated October 3, 1979, was filed May 23, 1980. Said motion alleged the appellant had failed to report to his probation officer for the months of July, August and September, 1979; had not given his probation officer his correct address; had not made any of his monthly restitution payments since being placed on probation.

On May 23, 1980, the court conducted a hearing on said motion. The appellant entered a plea of "true" to the first two allegations in the motion and stipulated the evidence. In addition, he took the witness stand and made a judicial confession. The transcription of the court reporter's notes does not contain a ruling on the motion. We find no formal order in the record. The docket sheet contains the following notation signed by the district judge: "Ct. passes

case to 9/25/80 to hold further revocation hearing; Ct to consider def's subsequent conduct."

On September 29, 1980, the State filed a second motion to revoke probation alleging that the appellant failed to report to his probation officer as directed for the months of July through December, 1979, and for the months of January through August, 1980; that appellant failed to pay his probation supervisory fee of $15.00 monthly and was currently delinquent in sum of $130.00. A copy of said motion was shown to have been served on the appellant on April 27, 1981.

A formal order revoking probation was entered on May 13, 1981, reflecting the filing of the second revocation motion on September 29, 1980, and that on May 13, 1981, a hearing was conducted with the appellant and his counsel present, and that the court "after . . . hearing the evidence offered . . . ." found a violation of the probationary conditions listing the ones corresponding to those violations alleged in the second motion to revoke probation of September 29th. The docket sheet also reflects the same and shows that the court reduced the punishment from four years to three years' imprisonment. Sentence was also imposed on May 13, 1981. Notice of appeal was given.

The Dallas Court of Appeals in a per curiam panel opinion in their Cause No. 05–81–0577 CR reversed the conviction on April 17, 1982. The court noted that on May 23, 1980 the appellant pled "true" at the revocation hearing to the allegations of the revocation motion and that the court passed the case to September 28, 1980 to "hold further revocation hearing" in order to consider appellant's "subsequent conduct." The appellate court then observed the trial judge revoked probation on May 13, 1981. The court then wrote: "The procedure of continuing a probation revocation hearing in order to consider a defendant's subsequent conduct has been expressly held to deny the defendant due process. *Rogers*

*v. State,* 640 S.W.2d 248 (Tex.Cr.App.1982). Consequently, the revocation of defendant's probation must be reversed."

The *Rogers* opinion referred to was the opinion on State's Motion for Rehearing handed down by this court on March 3, 1981. Its holding was as recited by the Dallas Court of Appeals. On October 20, 1982, however, the court in an opinion on the State's Second Motion for Rehearing, a 5 to 4 decision, changed course and held that failure to voice a due process objection to the procedures used by the trial court in revoking probation waived any complaint. *Rogers v. State,* 640 S.W.2d 248 (Tex. Cr.App.1982) (Opinion on State's Second Motion for Rehearing).

An examination of the appellate record fails to reveal an objection to the procedures used by the trial court in revoking probation. If the facts were as envisioned by the Dallas Court of Appeals, the judgment of the Court of Appeals would have to be reversed and the trial court judgment affirmed.

■ The Court of Appeals overlooked the fact, however, the appellate record reflects, as earlier observed, that the revocation of probation was based on the revocation motion of September 29, 1980, and on evidence heard at the second revocation hearing on May 13, 1981, and not on first revocation hearing. *Rogers v. State,* supra, is not applicable under the facts of the instant case.

Appellant argued in his original appellate brief that the trial court (1) had improperly revoked probation based on the first revocation hearing of May 13, 1980 after he had "continued" him on probation to observe his subsequent conduct, or (2) had improperly revoked probation on basis of the second motion for revocation filed September 29, 1981, without hearing any evidence. He bases this latter argument upon the fact that the record contains no transcription of the court reporter's notes from the revocation hearing on May 13, 1981. The record does not contain such transcription. As earlier noted, the order revoking probation

and the docket sheet reflects evidence was heard at the revocation hearing on May 13th.

This is further supported by the fact the appellant filed an affidavit of indigency requesting the appointment of counsel on appeal and a free copy of the statement of facts. In partial response thereto, the trial court ordered the court reporter to transcribe his notes from "the trial of this cause on the 13th day of May, 1981" and furnish a copy to the appellant.

A trial court has the duty under the federal and state constitutions to provide an indigent defendant with an adequate record on appeal. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Williams v. Oklahoma City,* 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); *Curry v. State,* 488 S.W.2d 100 (Tex.Cr.App.1972); *Guillory v. State,* 557 S.W.2d 118, 120 (Tex.Cr.App. 1977), and cases there cited. See also *Picard v. State,* 631 S.W.2d 761 (Tex.App.— Beaumont 1981).

■ Since the transcription of the court reporter's notes from the revocation hearing on May 13, 1981 is not in the appellate record of this indigent appellant, this cause is remanded to the Dallas Court of Appeals with instructions to obtain such transcription, if any, from the trial court and to decide this appeal in light of this court's opinion and said transcription, if any.

It is so ordered.