Michael Dewayne
MATHESON, Appellant,

v.

The STATE of Texas, State.

No. 2–84–311–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 15, 1985.

Louis Dayne Miller, Graham, for appellant.

Timothy D. Eyssen, Dist. Atty., Graham, for State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

OPINION

ASHWORTH, Justice.

This is an appeal from an order revoking probation.

We reverse and remand to the trial court for orders of dismissal.

On September 15, 1983, appellant entered a guilty plea to an indictment for theft over $200.00 but less than $10,000.00 and was found guilty and assessed a punishment of five years in the Texas Department of Corrections and a $1,500.00 fine. *See* Act of June 11, 1981, ch. 455, sec. 1, 1981 Tex.Gen. Laws 2065, 2065, *amended by* Act of June 19, 1983, ch. 497, sec. 3, 1983 Tex.Gen. Laws 2917, 2918–19, *amended by* Act of June 19, 1983, ch. 558, sec. 11, 1983 Tex. Gen. Laws 3237, 3244–46, *amended by* Act of June 19, 1983, ch. 741, sec. 1, 1983 Tex.Gen. Laws 4523, 4523–25 (presently contained in TEX.PENAL CODE ANN. sec. 31.03(d) (Vernon Supp.1985)). The sentence was probated. On November 10, 1983, the State filed a motion to revoke probation alleging that on November 2, 1983, appellant had violated a condition of his probation by committing an offense of public intoxication; on December 8, 1983, a hearing was had on such motion.

The appellant entered a plea of "true" to the allegation of the offense of public intoxication. The defendant's appointed attorney made a plea that the appellant be continued on probation. The district attorney countered this argument. Prior to the ruling of the court, the court made the statement, "just to be frank about it, I am torn between whether or not, if I extend the probation whether or not you will go out and think, well, if I can get by with that I can get by with anything." Then the court announced its ruling, in pertinent parts, as follows:

> At this point I'm not going to make any ruling. I'm going to hold it open. You will be free again. But let me say this to you, that if you are brought back in here, in other words, you are in a worse position than you were before you violated, because you have admitted "true" to the items for the motion to revoke, so if you are brought back in

here I don't have to worry about bringing you back in here, I can go ahead and accept this answer of "true" at that time and go ahead and revoke.... [I]n other words, you are in a position right now, by going free you are going to be in a position of being guilty of whatever the police would say that you did.

So you cannot afford to do anything that even slightly hints is a breach of probation. Under those circumstances then I will continue the hearing. And I have accepted your plea of "true" or at least your plea of "true" is here and now shown on the docket, but you will be free. But as I say, you will be under a real strong point if you do not do anything right.

At that point the district attorney asked the court to "admonish the defendant he is still on the same conditions of probation since the Court is merely holding his ruling in abeyance for a period of time." The court then stated, "That's true. You are."

On July 20, 1984, the State filed its second motion to revoke probation. On October 25, 1984, further proceedings were had at which appellant objected to what he termed the court's "ex parte" order revoking appellant's probation because the State had not shown any further transgressions on the part of appellant. The court stated, in regard to the hearing previously held on December 8, 1983, that:

The hearing was held open. There was no ruling. And as far as any further problems that might have to be shown the Court doesn't show that was the case. He may have been admonished to that effect but at this point I'm basing my sentence on the plea of "true" that he entered at the time of the hearing back in December.

In appellant's sole ground of error, he contends that the trial court committed reversible error where it revoked appellant's probation without giving him a chance for a hearing as required by due process of law.

■ Due process mandates another determination that the probationer has breached the conditions of probation *after* he has been returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the first revocation hearing). *Rogers v. State*, 640 S.W.2d 248, 263 (Tex. Crim.App.1981) (opinion on State's second motion for reh'g). This new determination must occur at another revocation hearing for which the probationer has been served with a new motion to revoke giving him proper notice as required by due process. *Id.* In *Rogers*, the Court of Criminal Appeals further stated:

It would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation (whether by a "continuance of the hearing" or by a "continuance of the probation"), and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation.

*Id.* at 252.

In the instant case, there was no hearing on the State's second motion to revoke appellant's probation. Accordingly, the trial court was in error in revoking appellant's probation without such a hearing.

■ However, an appellant cannot complain on appeal of the failure of the trial court to hold such a hearing when he has not preserved his error in the trial court by making some type of due process objection, either at the time the judge continues the hearing and/or probation, or at the time of the actual revocation or at the time of sentencing. *Rogers*, 640 S.W.2d at 263–64. In the instant case, we hold that appellant preserved his error by objecting to what he termed the court's entrance of an "ex parte" order revoking appellant's probation. Such objection was made at the October 25, 1984 hearing at which the trial court revoked appellant's probation based on his plea of "true" entered by appellant on December 8, 1983.

Accordingly, appellant's ground of error is sustained.

Judgment reversed and cause remanded to the trial court for an entry of order of dismissal as to both motions to revoke.