Michael Dewayne
**MATHESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1090–85.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 5, 1986.

Louis Dayne Miller (on appeal only), Graham, for appellant.

Timothy D. Eyssen, Dist. Atty., Graham, Robert Huttash, State's Attorney & Alfred

Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a revocation of probation which was granted in a conviction for theft over $200.00. After a trial to the court, punishment was assessed at five years and a $1,400.00 fine. The revocation of appellant's probation was reversed by the Court of Appeals for the Second Supreme Judicial District. *Matheson v. State*, 694 S.W.2d 661 (Tex.App.—Fort Worth, 1985).

The State brings four grounds for review in its petition for discretionary review to this Court. The first three of those grounds revolve around the sufficiency of appellant's objection to the trial court's order revoking probation. In its opinion, the Court of Appeals recognized that an appellant cannot complain on appeal of the failure of the trial court to hold a hearing on a motion to revoke probation absent some type of due process objection. The court below held that the objection made at the hearing on the motion to revoke held on October 25, 1984, was sufficient under *Rogers v. State*, 640 S.W.2d 248 (Tex.Cr.App. 1981). Appellant objected as follows, "[W]e understand the court has ex parte entered an order revoking probation. We will make an objection to that on the basis that the State has shown no further transgressions by Mr. Matheson and we want to have an objection to the court's ruling and a ruling on that objection at this time." We agree with the Court of Appeals that the objection implicated due process of law through the use of the term "ex parte" and the statement that no further evidence had been produced by the State. *Rogers v. State*, supra; *Wright v. State*, 640 S.W.2d 265 (Tex.Cr.App.1982); and *Hise v. State*, 640 S.W.2d 271 (Tex.Cr.App.1982).

In its fourth ground for review before this Court, the State contends that the Court of Appeals erred in ordering the trial court to enter an order of dismissal as to both motions to revoke probation. In its opinion, the Court of Appeals gave no reason for the order of dismissal as to the second motion to revoke probation. We perceive none at this time.

Therefore, pursuant to the authority conferred on this Court by Tex.R.App.Pro. Rule 202(k), the State's petition for discretionary review is summarily granted as to Ground for Review No. (4) only, and the judgment of the Court of Appeals is reformed to delete its order to the trial court to dismiss the second motion to revoke probation.

As reformed, the judgment of the Court of Appeals is affirmed.