

# NUMBER 13-12-00334-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

---

**GILBERT TAPIA JR.,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

By two issues, appellant Gilbert Tapia Jr. appeals the revocation of his probation and adjudication of guilt for aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). In his first issue, appellant argues that the trial court violated his due process and due course of law rights by revoking his probation based on a violation of conditions of probation that occurred before the trial

court continued his probation at a previous revocation hearing. In his second issue, appellant contends that the trial court also violated his due process and due course of law rights because it based its decision on a district policy instead of the particular evidence presented in his case. We sustain appellant's first issue, reverse the trial court's order revoking probation, and remand for proceedings consistent with this opinion.

## I.   BACKGROUND

On April 18, 2002, appellant pleaded guilty to aggravated assault, a second-degree felony. *See id.* The trial court deferred adjudication and placed appellant on community supervision for a period of ten years. Appellant was sentenced to ten years' imprisonment on a separate offense. He was released from custody on the separate offense on December 11, 2011, but remained on probation for the aggravated assault offense until April 18, 2012.

### A. First Revocation Proceeding

On March 6, 2012, the State filed a motion to revoke probation and adjudicate the aggravated assault charge, alleging that appellant (1) failed to inform the probation officer of his change of address when he was released from prison, (2) failed to report to his probation officer, and (3) violated his curfew. On March 27, 2012, the trial court held a hearing on the motion to revoke. At the hearing, the State orally informed the trial court that it wished to file an amended motion to revoke and a motion for a continuance. The State sought to amend its motion to revoke to add allegations that appellant violated his probation by using drugs and alcohol and by associating with known felons. The trial court then asked defense counsel what her position was on the State's

2

proposed motions. Appellant's trial counsel stated that she was opposed to a continuance and was ready to go forward. The trial court stated:

> Well, they informed me they are going to file a motion to amend, so it will be filed in a motion to revoke, so you'll have another hearing before that date. If that's what you want to do. I think it's sort of a moot issue because it will delay, but there is no problem with that if that is how you want to proceed. I just want to make sure you understand that. Because if they file the new motion he will still be in custody on the new motion and that is the way you want to proceed with today, correct? It doesn't bother me. I don't care. I understand not being prepared for the new stuff.

Appellant's trial counsel replied, "We'll go forward today."

The trial court then ordered the parties to proceed on the pending motion to revoke. Appellant did not enter a plea. During the hearing, the State elicited testimony from a probation officer who stated that he was aware of other probation violations committed by appellant and planned on filing another motion to revoke.[1] The trial court found that appellant violated the first two paragraphs of his probation agreement, as alleged in the State's original motion to revoke, but decided not to revoke. Instead, the trial court continued appellant on probation and ordered him to serve the remaining twenty-one days of his probation in jail as a modified condition of probation.

On March 23, 2012, four days prior to the hearing on the first motion to revoke, the probation department completed a "Revocation Report" stating that it was a presentence investigation report (PSI) "pursuant to Art. 42.12, Sec. 9. Code of Criminal Procedure." Page five of the report reflected that appellant last used alcohol and cocaine on March 8, 2012. On page six, under recommendations and remarks, the report stated, "The defendant admitted to alcohol and cocaine use on March 8 2012. . . ."

---

[1] The trial court overruled defense counsel's objection to the probation officer's testimony regarding other allegations of violations and his intent to file a new motion to revoke.

3

**B. Second Revocation Proceeding**

On March 30, 2012, the State filed a new motion to revoke, raising allegations that appellant violated his probation by using and possessing drugs and alcohol on March 8, 2012, prior to the first hearing on the original motion to revoke. At the second hearing, appellant entered an open plea of "true" to the allegation. The court then proceeded to the adjudication and punishment phase of the hearing.

During defense counsel's closing argument, the following exchange occurred:

| | |
|---|---|
| [Defense]: | The Court considered all of that evidence back in March when you ordered a jail sanction. This evidence is nothing new, what he's pled to is nothing new to— |
| [Trial Court]: | It is new. . . . It is new. He would not plea to it at the time. So we proceeded on the—on the subsequent MTR. |
| [Defense]: | Your honor, I believe that it was in the PSI at the last hearing. |
| [Trial Court]: | It's not—it's not a violation, though. |
| [Defense]: | But it's a considered [sic] in disposition and the Court did have that evidence before, when it considered— |
| [Trial Court]: | He may have believed it is so, but the court did not consider that. Intentionally. |
| [Defense]: | It was before the court at the time, Your Honor, and we're asking you to consider that and to allow his probation to expire. |
| [Trial Court]: | Okay. Well, it will not be granted . . . . |

The trial court then revoked appellant's probation, adjudicated him guilty of the underlying offense of aggravated assault, and sentenced him to five years' imprisonment. This appeal followed.

4

## II. WAIVER

The State argues that appellant has waived his due process and due course of law arguments on appeal because appellant's trial attorney failed to make a proper objection. Appellant counters that his trial attorney's objections at trial, on the basis that the allegations were not new and that they had been considered at the prior revocation hearing, were sufficient to preserve his due process and due course of law argument on appeal.

To preserve a complaint for appellate review, a party, at trial, must present and obtain a ruling on the complaint that states "the grounds for the ruling that [it] sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a); *see Lopez v. State,* 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). "A party need not spout 'magic words' or recite a specific statute to preserve an issue as long as the basis of his complaint is evident to the trial court." *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012).

During the second revocation hearing, defense counsel argued, "The Court considered all of that evidence back in March when you ordered a jail sanction. This evidence is nothing new, what he's pled to is nothing new to—." Defense counsel further informed the trial court that these allegations were in the PSI for the first motion

5

to revoke and were considered in the disposition of the court at the first revocation hearing. Defense counsel then asked the trial court "to consider that and to allow [appellant's] probation to expire." The trial court responded, "Okay. Well, it will not be granted . . . ." In *Matheson v. State*, the court of criminal appeals considered whether the following objection preserved a very similar argument: "[W]e understand the court has ex parte entered an order revoking probation. We will make an objection to that on the basis that the State has shown no further transgressions by Mr. Matheson and we want to have an objection to the court's ruling and a ruling on that objection at this time." 719 S.W.2d 204, 205 (Tex. Crim. App. 1986). The court held that that the objection "implicated due process of law through the use of the term 'ex parte' and the statement that no further evidence had been produced by the State" and therefore preserved the issue for appellate review. *Id*.

Here, appellant's defense counsel provided more explanation of his due process argument than the lawyer in *Matheson*. *See id*. Defense counsel's argument that the allegation was considered at the previous revocation hearing was sufficiently specific to make the trial court aware of appellant's complaint. *See* TEX. R. APP. P. 33.1(a); *Bryant*, 391 S.W.3d 8 at 92; *Resendez,* 306 S.W.3d at 312. Accordingly, we hold that appellant preserved his first issue for appeal. We therefore will proceed to the merits of appellant's due process argument on his first issue.

Regarding appellant's second issue, when the trial court stated it would follow the State's recommendation because it was "district policy," defense counsel responded "the policy of what, Your Honor? I didn't understand what you just said." Defense counsel did not object to the trial court's statement or to the trial court's judgment based

6

on the statement and therefore did not preserve this issue for our review.  *See* TEX. R. APP. P. 33.1(a).  Accordingly, we overrule appellant's second issue.

### III.    DUE PROCESS

Appellant argues that the trial court violated his due process rights by revoking his probation on the basis of violations that occurred on March 8, 2012, nineteen days before the court's previous decision on March 27, 2012 to continue his probation.  *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19.  The State, in its brief, relies solely on waiver and does not address appellant's due process arguments.

Under the constitutions of the United States and Texas, no person shall be deprived of liberty without due process and due course of law.  U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19.  Because a probationer has relied on at least an implicit promise that probation will be revoked only if he fails to live up to the conditions of probation, the liberty of a probationer is protected by the due process and due course of law provisions of the constitutions.  *Gagnon v. Scarpelli,* 411 U.S. 778, 784 (1973); *Rogers v. State*  640 S.W.2d 248, 25 (Tex. Crim. App. 1981) (op. on State's first motion for reh'g).

For his argument that the trial court violated his due process rights, appellant relies on *Rogers v. State.*  640 S.W.2d 248.  In *Rogers*, the defendant pleaded true to the State's six allegations at an initial motion to revoke hearing.  *Id.* at 249.  The trial court ruled, "I am going to reinstate you on probation; that is, for the time being. I am going to continue this hearing to a specific date . . . .  And then I am going to determine whether or not you are serious about this thing."  *Id.*  Subsequently, as promised, the court held another hearing, which it deemed a "continuation" of the previous hearing.

7

*Id.* At the hearing, the State made no new allegations, and the trial court refused to allow any new evidence to be presented. *Id.* The trial court revoked the defendant's probation on the basis of the same allegations that the defendant pleaded true to at the previous revocation hearing. *Id.*

On appeal, the court of criminal appeals held that the defendant's due process rights had been violated.[2] *Id.* at 251. The court reasoned that after continuing appellant's probation at the first hearing, the trial court could not revoke appellant's probation at the second hearing "in the absence of allegations and proof of a subsequent violation." *Id.* at 251. It further explained that in order to revoke probation after it had been continued at a prior hearing, "there must be a determination that [the defendant] breached the conditions *after* he was returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the hearing)." *Id.* at 252 (op. on State's first motion for reh'g). The *Rogers* court reasoned that "[i]t would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation (whether by a "continuance of the hearing" or by a "continuance of the probation"), and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation." *Id.*

In *McQueen v. State*, we addressed a slightly different situation in an appeal premised on the *Rogers* holding. *McQueen v. State*, No. 13-11-00475-CR, 2012 WL

---

[2] On the State's second motion for rehearing, the *Rogers* court decided to affirm the trial court's decision to revoke probation because appellant did not object to the revocation hearing on due process grounds and therefore did not preserve argument on appeal. *Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. 1981) (op. on State's second motion for reh'g).

2860767, at *4 (Tex. App.—Corpus Christi July 12, 2012, no pet.) (mem. op., not designated for publication). In *McQueen*, the State filed an initial motion to revoke alleging that McQueen had used drugs and alcohol and had committed the offense of deadly conduct, for which criminal charges were pending. *Id* at *1. McQueen pleaded true to the drug and alcohol use allegations, and the trial court extended the term of his probation based on those allegations. *Id.* Subsequently, in a separate trial, McQueen was convicted for the deadly conduct offense. *Id.* The State then filed a new motion to revoke based on the deadly conduct conviction; defense counsel did not object to the revocation of probation based on a violation that had been alleged at the prior hearing; and the trial court revoked McQueen's probation. *Id.* We held that McQueen's trial counsel did not render ineffective assistance by failing to object, basing our decision on the reasoning that "[t]hese are all violations that McQueen had not pleaded true to in the previous hearing, thus *Rogers* is inapposite because the trial court did not rely on these violations to make the modification." *Id.* at *4.

We find the present circumstances distinguishable from *McQueen*. In *McQueen*, while the State was clearly aware of the deadly conduct charge prior to its initial motion to revoke, McQueen was not convicted on the charge until *afte*r the initial motion to revoke. *Id.* The trial court in *McQueen* had a clear reason to wait to make a finding on those allegations at the first hearing until the pending criminal charges were adjudicated; when McQueen was found guilty of the deadly conduct charge, the State obtained new, vital information regarding the offense. *See id.* The *McQueen* case therefore concerned newly discovered evidence of a previous violation that was not known at the time of the first hearing, and the violation changed from an alleged offense

9

to a criminal conviction.  Therefore, the exception set out in *Rogers* applied.  *See id.; see also Rogers*, 640 S.W.2d at 252.  Under those specific circumstances, where no finding was made on the allegation at the first hearing and there was a subsequent adjudication of the offense, we determined that McQueen's trial counsel did not render ineffective assistance by failing to object.  *McQueen,* 2012 WL 2860767, at *4.  Our holding in *Mcqueen* did not abrogate or limit the *Rogers* due process rule requiring that the State allege a subsequent violation in a new motion to revoke unless new evidence is discovered of a previous violation.   *See Rogers*, 640 S.W.2d at 252.  In the present case, unlike *Mcqueen*, at the first hearing, there were no pending charges, and at the second hearing, the State did not rely on a subsequent finding on an alleged offense or any other newly discovered evidence.  *McQueen,* 2012 WL 2860767, at *4

However, we also acknowledge that in finding a due process violation, the *Rogers* court did not address the same set of facts presented here.  *See Id.* at 249.  In *Rogers*, the trial court revoked probation at the second hearing for the same allegations the defendant pleaded true to at the first hearing, *see id,* whereas here, the drug use allegation was never formally included in the original motion to revoke because the trial court denied the State's request to amend it at the first hearing.  Regardless, we find that the trial court violated appellant's due process rights because it revoked probation for a violation that occurred before appellant was continued on probation in the absence of any newly discovered evidence of that violation, as is specifically proscribed by *Rogers*.  *See id.* at 252.

When the trial court denied its motion to amend and motion for continuance, the State had the option of moving to dismiss the motion to revoke.[3] The State could then have filed one motion alleging the violations listed in the initial motion along with the allegations sought to be included in the amendment. Had the State followed this procedure, appellant's due process rights would not have been violated.[4] The State, however, chose to move forward with the adjudication of the original motion, which was based on the allegations that appellant failed to report to his probation officer and violated curfew. It did so despite the fact that it knew of appellant's alleged drug use and made the trial court aware of this conduct through its request to amend the motion to revoke, the PSI that stated that appellant had admitted to drug and alcohol use,[5] and the probation officer's testimony that he planned on filing a new motion to revoke based on violations that occurred prior to the hearing.[6] Due process, however, required the

---

[3] We recognize that the State may have relied on the trial court's instruction to proceed on the initial motion and file a new motion to revoke alleging the drug use allegations. However, as explained later in this opinion, the trial court's suggestion that it would allow this procedure did not excuse the violation of appellant's due process rights. Furthermore, we find that appellant's trial counsel's statement that appellant wished to "go forward today" did not invite error as she only indicated that she was opposed to a continuance and did not explicitly state, nor did she imply, that she consented to the filing of a new motion to revoke based on the drug use allegation.

[4] *See Winkle v. State,* 718 S.W.2d 306, 308 (Tex. App.—Dallas 1986, no pet.); *see also Lockett v. State*, No. 11-10-00085-CR, 2012 WL 2989104, at *2 (Tex. App.—Eastland July 19, 2012, pet. ref'd) (mem. op., not designated for publication) ("The trial court did not hold a hearing on the earlier motions but, instead, dismissed the earlier motions at the State's request. Because the trial court did not take a plea, hear evidence, or hold hearings on the earlier motions, the State was free to file a later motion to revoke that included allegations from its earlier motions. Thus, the State did not waive its right to seek revocation based on the earlier allegations."); *Guerra v. State*, No. 13-04-328-CR, 2005 WL 2878071, at *3 (Tex. App.—Corpus Christi Nov. 3, 2005, pet. ref'd) (mem. op., not designated for publication) ("Although the State filed a motion to revoke appellant's probation . . . no plea was taken, no evidence was heard, and no hearing was held. Because no formal hearings were held, the State was free to re-file the motion to revoke and to allege some or all of the offenses it had alleged previously, with or without the allegation of a new violation.").

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2013) (allowing the judge to consider a PSI before assessing punishment in a felony case); *id.* art. 42.12, § 9(a) (West Supp. 2013) (requiring the judge in a felony case to direct a supervision officer to complete a PSI).

[6] We note that the *Rogers* court's proscription of revocations based on a prior allegation is not conditioned on the allegation being presented to the trial court at the previous hearing. *Rogers v. State*.

11

State to allege the violations it was aware of in its original motion to revoke, and it could not allege the prior violations in a later motion to revoke in the absence of newly discovered evidence. *See Rogers*, 640 S.W.2d at 252.

In response to appellant's objections, at the second hearing, that these allegations were "nothing new" and were considered by the trial court at the previous hearing, the trial court explained, "He may have believed it is so, but the court did not consider that. Intentionally." The trial court's express justification for its procedure was explicitly rejected in *Rogers*. *See id.* at 254. The *Rogers* court disapproved of what it called a "hear-no-evil" approach, determining that a trial court may not continue a defendant on probation at a hearing, then hold a subsequent hearing, state it intentionally chose not to adjudicate the violations at the first hearing, and revoke probation without evidence of a subsequent violation. *See id.* The trial court therefore could not retain its ability to revoke based on the prior allegations by willfully avoiding ruling on them at the first hearing. *See id.*

Under these circumstances, the procedure employed by the State and the trial court did not adequately protect appellant's due process rights, and was therefore not permitted according to the *Rogers* court's explicit reasoning that due process requires "a determination that [the defendant] breached the conditions *after* he was returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the hearing)." *Id.*; *see also Matheson v. State,* 694 S.W.2d 661, 662 (Tex. App.—Fort Worth 1985) *aff'd as reformed*, 719 S.W.2d 204 (Tex. Crim.

---

640 S.W.2d 248, 252 (Tex. Crim. App. 1981). However, the fact that the trial court was made aware of the conduct in this case highlights the potential harm to defendants' due process rights in these cases and underscores that this application of the rule in *Rogers* is more than a mere procedural barrier for the State.

12

App. 1986) (quoting this specific language from *Rogers*); *Kopeski v. State*, No. 09-10-00232-CR, 2011 WL 3505272, at *4 (Tex. App.—Beaumont Aug. 10, 2011, no pet.) (same). Accordingly, regardless of whether the allegations were formally made, or in fact made at all, at the prior hearing, the trial court violated appellant's due process rights when, after continuing probation at the first hearing, it revoked appellant's probation at the second hearing in the absence of allegations of a subsequent violation or newly discovered evidence of a prior violation. *See id.*

Appellant's first issue is sustained.

### IV. CONCLUSION

We reverse the trial court's order revoking probation and remand for proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of January, 2014.