

**NUMBER 13-12-00334-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**GILBERT TAPIA JR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

---

**MEMORANDUM OPINION ON REHEARING**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion on Rehearing by Chief Justice Valdez**

By two issues, appellant Gilbert Tapia Jr. appeals the revocation of his probation and adjudication of guilt for aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). In his first issue, appellant argues that the trial court violated his due process and due course of law rights by revoking his probation based on a violation of conditions of probation that occurred before the trial court

continued his probation at a previous revocation hearing. In his second issue, appellant contends that the trial court also violated his due process and due course of law rights because it based its decision on a district policy instead of the particular evidence presented in his case.

On January 9, 2014, we issued an opinion reversing the trial court's revocation of appellant's probation. *Tapia v. State*, No. 13-12-00334-CR, 2014 WL 69563 (Tex. App.—Corpus Christi Jan. 9, 2014, no. pet. h.). The Office of the State Prosecutor filed a motion for rehearing, arguing: (1) the reasoning relied on by this Court from the Texas Supreme Court case *Rogers v. State* is dicta and is of no precedential value; and (2) subsequent case law, particularly *Jenkins v. State*, 641 S.W.2d 917, 919 (Tex. Crim. App. 1982), has clarified that *Rogers* is inapplicable in the present circumstances because, here, the revocation was based on a new hearing and newly alleged violations. We deny the State's motion for rehearing, withdraw our prior opinion and judgment, and substitute the following opinion and accompanying judgment.

We sustain appellant's first issue, reverse the trial court's order revoking probation, and remand for proceedings consistent with this opinion.

## I.    BACKGROUND

On April 18, 2002, appellant pleaded guilty to aggravated assault, a second-degree felony. *See id.* The trial court deferred adjudication and placed appellant on community supervision for a period of ten years. Appellant was sentenced to ten years' imprisonment on a separate offense. He was released from custody on the separate offense on December 11, 2011, but remained on probation for the aggravated assault offense until April 18, 2012.

2

### A. First Revocation Proceeding

On March 6, 2012, the State filed a motion to revoke probation and adjudicate the aggravated assault charge, alleging that appellant (1) failed to inform the probation officer of his change of address when he was released from prison, (2) failed to report to his probation officer, and (3) violated his curfew. On March 27, 2012, the trial court held a hearing on the motion to revoke. At the hearing, the State orally informed the trial court that it wished to file an amended motion to revoke and a motion for a continuance. The State sought to amend its motion to revoke to add allegations that appellant violated his probation by using drugs and alcohol and by associating with known felons. The trial court then asked defense counsel what her position was on the State's proposed motions. Appellant's trial counsel stated that she was opposed to a continuance and was ready to go forward. The trial court stated:

> Well, they informed me they are going to file a motion to amend, so it will be filed in a motion to revoke, so you'll have another hearing before that date. If that's what you want to do. I think it's sort of a moot issue because it will delay, but there is no problem with that if that is how you want to proceed. I just want to make sure you understand that. Because if they file the new motion he will still be in custody on the new motion and that is the way you want to proceed with today, correct? It doesn't bother me. I don't care. I understand not being prepared for the new stuff.

Appellant's trial counsel replied, "We'll go forward today."

The trial court then ordered the parties to proceed on the pending motion to revoke. Appellant did not enter a plea. During the hearing, the State elicited testimony from a probation officer who stated that he was aware of other probation violations committed by appellant and planned on filing another motion to revoke.[1] The trial court found that

---

[1] The trial court overruled defense counsel's objection to the probation officer's testimony regarding other allegations of violations and his intent to file a new motion to revoke.

3

appellant violated the first two paragraphs of his probation agreement, as alleged in the State's original motion to revoke, but decided not to revoke. Instead, the trial court continued appellant on probation and ordered him to serve the remaining twenty-one days of his probation in jail as a modified condition of probation.

On March 23, 2012, four days prior to the hearing on the first motion to revoke, the probation department completed a "Revocation Report" stating that it was a presentence investigation report (PSI) "pursuant to Art. 42.12, Sec. 9. Code of Criminal Procedure." Page five of the report reflected that appellant last used alcohol and cocaine on March 8, 2012. On page six, under recommendations and remarks, the report stated, "The defendant admitted to alcohol and cocaine use on March 8 2012. . . ."

## B. Second Revocation Proceeding

On March 30, 2012, the State filed a new motion to revoke, raising allegations that appellant violated his probation by using and possessing drugs and alcohol on March 8, 2012, prior to the first hearing on the original motion to revoke. At the second hearing, appellant entered an open plea of "true" to the allegation. The court then proceeded to the adjudication and punishment phase of the hearing.

During defense counsel's closing argument, the following exchange occurred:

| | |
|---|---|
| [Defense]: | The Court considered all of that evidence back in March when you ordered a jail sanction. This evidence is nothing new, what he's pled to is nothing new to— |
| [Trial Court]: | It is new. . . . It is new. He would not plea to it at the time. So we proceeded on the—on the subsequent MTR. |
| [Defense]: | Your honor, I believe that it was in the PSI at the last hearing. |
| [Trial Court]: | It's not—it's not a violation, though. |

4

| [Defense]: | But it's a considered [sic] in disposition and the Court did have that evidence before, when it considered— |
|---|---|
| [Trial Court]: | He may have believed it is so, but the court did not consider that.  Intentionally. |
| [Defense]: | It was before the court at the time, Your Honor, and we're asking you to consider that and to allow his probation to expire. |
| [Trial Court]: | Okay.  Well, it will not be granted . . . . |

The trial court then revoked appellant's probation, adjudicated him guilty of the underlying offense of aggravated assault, and sentenced him to five years' imprisonment. This appeal followed.

## II.    WAIVER

The State argues that appellant has waived his due process and due course of law arguments on appeal because appellant's trial attorney failed to make a proper objection. Appellant counters that his trial attorney's objections at trial, on the basis that the allegations were not new and that they had been considered at the prior revocation hearing, were sufficient to preserve his due process and due course of law argument on appeal.

To preserve a complaint for appellate review, a party, at trial, must present and obtain a ruling on the complaint that states "the grounds for the ruling that [it] sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a); *see Lopez v. State,* 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  "The purpose of requiring a specific objection in the trial court is twofold:  (1) to inform the trial judge of the basis of the objection and give him

5

the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). "A party need not spout 'magic words' or recite a specific statute to preserve an issue as long as the basis of his complaint is evident to the trial court." *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012).

During the second revocation hearing, defense counsel argued, "The Court considered all of that evidence back in March when you ordered a jail sanction. This evidence is nothing new, what he's pled to is nothing new to—." Defense counsel further informed the trial court that these allegations were in the PSI for the first motion to revoke and were considered in the disposition of the court at the first revocation hearing. Defense counsel then asked the trial court "to consider that and to allow [appellant's] probation to expire." The trial court responded, "Okay. Well, it will not be granted . . . ." In *Matheson v. State*, the court of criminal appeals considered whether the following objection preserved a very similar argument: "[W]e understand the court has ex parte entered an order revoking probation. We will make an objection to that on the basis that the State has shown no further transgressions by Mr. Matheson and we want to have an objection to the court's ruling and a ruling on that objection at this time." 719 S.W.2d 204, 205 (Tex. Crim. App. 1986). The court held that that the objection "implicated due process of law through the use of the term 'ex parte' and the statement that no further evidence had been produced by the State" and therefore preserved the issue for appellate review. *Id.*

Here, appellant's defense counsel provided more explanation of his due process argument than the lawyer in *Matheson*. *See id.* Defense counsel's argument that the allegation was considered at the previous revocation hearing was sufficiently specific to

6

make the trial court aware of appellant's complaint. *See* TEX. R. APP. P. 33.1(a); *Bryant*, 391 S.W.3d 8 at 92; *Resendez,* 306 S.W.3d at 312. Accordingly, we hold that appellant preserved his first issue for appeal. We therefore will proceed to the merits of appellant's due process argument on his first issue.

Regarding appellant's second issue, when the trial court stated it would follow the State's recommendation because it was "district policy," defense counsel responded "the policy of what, Your Honor? I didn't understand what you just said." Defense counsel did not object to the trial court's statement or to the trial court's judgment based on the statement and therefore did not preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule appellant's second issue.

### III.    DUE PROCESS

Appellant argues that the trial court violated his due process rights by revoking his probation on the basis of violations that occurred on March 8, 2012, nineteen days before the court's previous decision on March 27, 2012 to continue his probation. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19. The State, in its brief, relies solely on waiver and does not address appellant's due process arguments.

Under the constitutions of the United States and Texas, no person shall be deprived of liberty without due process and due course of law. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19. Because a probationer has relied on at least an implicit promise that probation will be revoked only if he fails to live up to the conditions of probation, the liberty of a probationer is protected by the due process and due course of law provisions of the constitutions. *Gagnon v. Scarpelli,* 411 U.S. 778, 784 (1973);

7

*Rogers v. State*, 640 S.W.2d 248, 25 (Tex. Crim. App. 1981) (op. on State's first motion for reh'g).

For his argument that the trial court violated his due process rights, appellant relies on *Rogers v. State*. 640 S.W.2d at 248. In *Rogers*, the defendant pleaded true to the State's six allegations at an initial motion to revoke hearing. *Id.* at 249. The trial court ruled, "I am going to reinstate you on probation; that is, for the time being. I am going to continue this hearing to a specific date . . . . And then I am going to determine whether or not you are serious about this thing." *Id.* Subsequently, as promised, the court held another hearing, which it deemed a "continuation" of the previous hearing. *Id.* At the hearing, the State made no new allegations, and the trial court refused to allow any new evidence to be presented. *Id.* The trial court revoked the defendant's probation on the basis of the same allegations that the defendant pleaded true to at the previous revocation hearing. *Id.*

On appeal, the court of criminal appeals held that the defendant's due process rights had been violated.[2] *Id.* at 251. The Court reasoned that after continuing appellant's

---

[2] On the State's second motion for rehearing, the *Rogers* Court decided to affirm the trial court's decision to revoke probation because appellant did not object to the revocation hearing on due process grounds and therefore did not preserve argument on appeal. *Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. 1981) (op. on State's second motion for reh'g). In our view, the *Rogers* Court's opinion on second motion for rehearing does not render the original opinion and the opinion on first rehearing dicta. *See* BLACK'S LAW DICTIONARY 409 (5th ed. 1979) (defining dictum as an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case). While the court issued a new opinion on second rehearing, it never withdrew its previous opinion and opinion on rehearing. Moreover, even if the decision on rehearing was dicta, we find that the reasoning is, at least, persuasive judicial dictum. *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("Judicial dictum, a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, is 'at least persuasive and should be followed unless found to be erroneous.'") (citing *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964)). This is supported by the fact that the court explicitly reaffirmed this reasoning at the outset of its opinion on the State's second motion for rehearing, and because multiple courts of appeals have quoted its exact language. *See Rogers*, 640 S.W.2d at 265; *see also, e.g. Matheson v. State*, 694 S.W.2d 661, 662 (Tex. App.—Fort Worth 1985) (quoting the specific language at issue from *Rogers*) *aff'd as reformed*, 719 S.W.2d 204 (Tex. Crim. App.

probation at the first hearing, the trial court could not revoke appellant's probation at the second hearing "in the absence of allegations and proof of a subsequent violation." *Id.* at 251. It further explained that in order to revoke probation after it had been continued at a prior hearing, "there must be a determination that [the defendant] breached the conditions *after* he was returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the hearing)."[3] *Id.* at 252 (op.

1986); *Kopeski v. State*, No. 09-10-00232-CR, 2011 WL 3505272, at *4 (Tex. App.—Beaumont Aug. 10, 2011, no pet.) (mem. op., not designated for publication) (same).

[3] We note that the *Rogers* holding was not limited or overruled by the Texas Court of Criminal Appeals in *Jenkins v. State*, decided just months after *Rogers*. *See Jenkins v. State*, 641 S.W.2d 917, 919 (Tex. Crim. App. 1982). In *Jenkins*, the trial court conducted a hearing on an initial motion to revoke probation, which alleged that the defendant had failed to report to his probation officer. *Id.* at 917. A notation on the docket sheet indicated that the court passed on ruling on the motion "to consider [the defendant's] subsequent conduct." *Id.* at 917–18. Later, the State filed a second motion to revoke, alleging that the defendant failed to report to his probation officer during the time period before and after the first hearing, and that, at the time the second motion was filed, he was delinquent on his probation supervisory fee. *Id.* at 918. At a second revocation hearing, the docket sheet reflected that the State presented evidence of the violations and the trial court revoked the defendant's probation; however, the appellate record did not contain a transcript of the hearing. *Id.*

On appeal, the defendant argued that because the transcript from the second hearing was absent from the appellate record, the trial court must have improperly revoked probation either (1) based on the first revocation hearing after it had continued him on probation to observe his subsequent conduct, or (2) based on the second motion to revoke without hearing evidence. *Id.* The Texas Court of Criminal Appeals explained that it disagreed with both arguments raised by appellant because "the revocation of probation was based on the [second motion to revoke], and [(according to the docket sheet)] on evidence heard at the second revocation hearing on May 13, 1981, and not on first revocation hearing. *Rogers v. State, supra*, is not applicable under the facts of the instant case." *Id.* Because there was no record of the hearing, the court of criminal appeals declined to render judgment in the case and remanded it to the Dallas Court of Appeals to obtain a copy of the transcript before making a final determination as to whether the defendant's due process rights had been violated. *Id* at 919.

In *Jenkins*, while the second motion to revoke alleged some violations that occurred prior to the court's initial decision to continue the defendant on probation, it also alleged violations that were committed after the first hearing, specifically appellant's failure to report to probation after the first hearing and his delinquency on his supervisory fees at the time the second motion was filed. *Id.* at 917. Contrary to the defendant's argument, the court of criminal appeals held that the trial court based its decision on evidence heard at the second hearing. *Id.* at 919. On appeal, the defendant did not raise the issue that, at the second hearing, the State relied on violations that were committed before the trial continued probation at the first hearing. And the *Jenkins* Court neither concluded that the trial court can rely on a previous violation if it was not considered at the hearing where probation was continued, nor limited the applicability of *Rogers*.

Further, in *Jenkins*, all of the violations alleged in the second motion that were committed before the first hearing were listed in the first motion and were before the court at the first hearing when it decided to continue appellant on probation; in other words, there were no previous violations that were newly

on State's first motion for reh'g). The *Rogers* Court reasoned that "[i]t would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation (whether by a 'continuance of the hearing' or by a 'continuance of the probation'), and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation." *Id.*

In *McQueen v. State*, we addressed a slightly different situation in an appeal premised on the *Rogers* holding. *McQueen v. State*, No. 13-11-00475-CR, 2012 WL 2860767, at *4 (Tex. App.—Corpus Christi July 12, 2012, no pet.) (mem. op., not designated for publication). In *McQueen*, the State filed an initial motion to revoke alleging that McQueen had used drugs and alcohol and had committed the offense of deadly conduct, for which criminal charges were pending. *Id* at *1. McQueen pleaded true to the drug and alcohol use allegations, and the trial court extended the term of his probation based on those allegations. *Id.* Subsequently, in a separate trial, McQueen was convicted for the deadly conduct offense. *Id.* The State then filed a new motion to revoke based on the deadly conduct conviction; defense counsel did not object to the

---

alleged. *Id.* at 917. Therefore, if we were to construe *Jenkins* as holding that the trial court could consider these previous violations, it would not only overrule the holding that the State must rely on violations committed after probation was continued, but it would also conflict directly with the *Rogers* Court's reasoning that violations must not be considered twice. *See id.* The *Jenkins* Court did not purport to entirely eradicate this reasoning from *Rogers.*

Moreover, in the only opinion citing *Jenkins* as authority, the Amarillo Court of Appeals cited the case in support of its finding that, "The appellate record reflects, however, that here the revocation of probation was based only on violations that occurred subsequent to the May 2002 modification order." *Payton v. State*, No. 07-03-0395-CR, 2004 WL 1840030, at *1 n.1 (Tex. App.—Amarillo Aug. 16, 2004, no pet.) (mem. op., not designated for publication) (citing *Jenkins*, 641 S.W.2d at 918). The Amarillo court clearly interpreted *Jenkins* as reaffirming the due process requirement that the trial court must find the probationer committed an offense after his probation was continued. *See id.* We agree with this interpretation. Accordingly, *Jenkins* does not affect our analysis of this case.

10

revocation of probation based on a violation that had been alleged at the prior hearing; and the trial court revoked McQueen's probation. *Id.* We held that McQueen's trial counsel did not render ineffective assistance by failing to object, basing our decision on the reasoning that "[t]hese are all violations that McQueen had not pleaded true to in the previous hearing, thus *Rogers* is inapposite because the trial court did not rely on these violations to make the modification." *Id.* at *4.

We find the present circumstances distinguishable from *McQueen*. In *McQueen*, while the State was clearly aware of the deadly conduct charge prior to its initial motion to revoke, McQueen was not convicted on the charge until *after* the initial motion to revoke. *Id.* The trial court in *McQueen* had a clear reason to wait to make a finding on those allegations at the first hearing until the pending criminal charges were adjudicated; when McQueen was found guilty of the deadly conduct charge, the State obtained new, vital information regarding the offense. *See id.* The *McQueen* case therefore concerned newly discovered evidence of a previous violation that was not known at the time of the first hearing, and the violation changed from an alleged offense to a criminal conviction. Therefore, the exception set out in *Rogers* applied. *See id.; see also Rogers*, 640 S.W.2d at 252. Under those specific circumstances, where no finding was made on the allegation at the first hearing and there was a subsequent adjudication of the offense, we determined that McQueen's trial counsel did not render ineffective assistance by failing to object. *McQueen,* 2012 WL 2860767, at *4. Our holding in *McQueen* did not abrogate or limit the *Rogers* due process rule requiring that the State allege a subsequent violation in a new motion to revoke unless new evidence is discovered of a previous violation. *See Rogers*, 640 S.W.2d at 252. In the present case, unlike *McQueen*, at the first hearing,

11

there were no pending charges, and at the second hearing, the State did not rely on a subsequent finding on an alleged offense or any other newly discovered evidence. *McQueen,* 2012 WL 2860767, at *4.

However, we also acknowledge that in finding a due process violation, the *Rogers* court did not address the same set of facts presented here. *See id.* at 249. In *Rogers,* the trial court revoked probation at the second hearing for the same allegations the defendant pleaded true to at the first hearing, *see id.,* whereas here, the drug use allegation was never formally included in the original motion to revoke because the trial court denied the State's request to amend it at the first hearing. Regardless, we find that the trial court violated appellant's due process rights because it revoked probation for a violation that occurred before appellant was continued on probation in the absence of any newly discovered evidence of that violation, as is specifically proscribed by *Rogers.*[4] *See id.* at 252.

_____

[4] While much of the reasoning in *Rogers* expresses the concern that the violations alleged in the second motion to revoke had already been alleged in the first motion for revoke, the *Rogers* Court's holding specifically requires a showing that a defendant "breached the conditions after he was returned to probation . . . ." 640 S.W.2d at 250 (Tex. Crim. App. 1981) (op. on State's first motion for reh'g). This language is not susceptible to an interpretation that due process allows the State to allege a violation that was committed before the decision to continue probation if it is newly alleged; in fact, such an interpretation would be contrary to the express language and plain meaning of the holding. *See id.*

Moreover, the recognition that due process requires that the defendant "breached the conditions after he was returned to probation" within the opinion on rehearing is not dicta as it was the reason given for the conclusion in that opinion and therefore essential to the resolution of that opinion. This is supported by the *Rogers* Court's opinion on second rehearing which restated this specific language, and by the opinions of multiple courts of appeals which cite *Rogers* for this precise rule of law. *See id.* at 263 (op. on State's second motion for reh'g); *see also, e.g., Matheson,* 694 S.W.2d at 662 (quoting the specific language at issue from Rogers); *Kopeski,* 2011 WL 3505272, at *4 (same). In addition, while some subsequent cases have applied *Rogers* to circumstances where the trial court heard no evidence at all at the second hearing or where the State alleged the same violations that were considered at the first hearing, no case has limited, or in any way purported to limit, *Rogers* to those circumstances. *See Wright v. State,* 640 S.W.2d 265, 270 (Tex. Crim. App. 1982); *Hise v. State,* 640 S.W.2d 271, 272 (Tex. Crim. App. 1982).

When the trial court denied its motion to amend and motion for continuance, the State had the option of moving to dismiss the motion to revoke.[5] The State then could have filed one motion alleging the violations listed in the initial motion along with the allegations sought to be included in the amendment. Had the State followed this procedure, appellant's due process rights would not have been violated.[6] The State, however, chose to move forward with the adjudication of the original motion, which was based on the allegations that appellant failed to report to his probation officer and violated curfew. It did so despite the fact that it knew of appellant's alleged drug use and made the trial court aware of this conduct through its request to amend the motion to revoke, the PSI that stated that appellant had admitted to drug and alcohol use,[7] and the probation officer's testimony that he planned on filing a new motion to revoke based on violations that occurred prior to the hearing.[8] Due process, however, required the State to allege

---

[5] We recognize that the State may have relied on the trial court's instruction to proceed on the initial motion and file a new motion to revoke alleging the drug use allegations. However, as explained later in this opinion, the trial court's suggestion that it would allow this procedure did not excuse the violation of appellant's due process rights. Furthermore, we find that appellant's trial counsel's statement that appellant wished to "go forward today" did not invite error as she only indicated that she was opposed to a continuance and did not explicitly state, nor did she imply, that she consented to the filing of a new motion to revoke based on the drug use allegation.

[6] *See Winkle v. State,* 718 S.W.2d 306, 308 (Tex. App.—Dallas 1986, no pet.); *see also Lockett v. State*, No. 11-10-00085-CR, 2012 WL 2989104, at *2 (Tex. App.—Eastland July 19, 2012, pet. ref'd) (mem. op., not designated for publication) ("The trial court did not hold a hearing on the earlier motions but, instead, dismissed the earlier motions at the State's request. Because the trial court did not take a plea, hear evidence, or hold hearings on the earlier motions, the State was free to file a later motion to revoke that included allegations from its earlier motions. Thus, the State did not waive its right to seek revocation based on the earlier allegations."); *Guerra v. State*, No. 13-04-328-CR, 2005 WL 2878071, at *3 (Tex. App.—Corpus Christi Nov. 3, 2005, pet. ref'd) (mem. op., not designated for publication) ("Although the State filed a motion to revoke appellant's probation . . . no plea was taken, no evidence was heard, and no hearing was held. Because no formal hearings were held, the State was free to re-file the motion to revoke and to allege some or all of the offenses it had alleged previously, with or without the allegation of a new violation.").

[7] *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 2013) (allowing the judge to consider a PSI before assessing punishment in a felony case); *id.* art. 42.12, § 9(a) (West Supp. 2013) (requiring the judge in a felony case to direct a supervision officer to complete a PSI).

[8] We note that the *Rogers* court's proscription of revocations based on a prior allegation is not conditioned on the allegation being presented to the trial court at the previous hearing. *Rogers v. State*.

the violations it was aware of in its original motion to revoke and of which it apprised the trial court, and it could not allege the prior violations in a later motion to revoke in the absence of newly discovered evidence. *See Rogers*, 640 S.W.2d at 252.

In response to appellant's objections, at the second hearing, that these allegations were "nothing new" and were considered by the trial court at the previous hearing, the trial court explained, "He may have believed it is so, but the court did not consider that. Intentionally." The trial court's express justification for its procedure was explicitly rejected in *Rogers*. *See id.* at 254. The *Rogers* court disapproved of what it called a "hear-no-evil" approach, determining that a trial court may not continue a defendant on probation at a hearing, then hold a subsequent hearing, state it intentionally chose not to adjudicate the violations at the first hearing, and revoke probation without evidence of a subsequent violation. *See id.* The trial court therefore could not retain its ability to revoke based on the prior allegations by willfully avoiding ruling on them at the first hearing. *See id.*

Under these circumstances, the procedure employed by the State and the trial court did not adequately protect appellant's due process rights, and was therefore not permitted according to the *Rogers* court's explicit reasoning that due process requires "a determination that [the defendant] breached the conditions *after* he was returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the hearing)." *Id.*; *see also, eg., Matheson v. State,* 694 S.W.2d 661, 662 (Tex. App.—Fort Worth 1985) *aff'd as reformed*, 719 S.W.2d 204 (Tex. Crim.

---

640 S.W.2d 248, 252 (Tex. Crim. App. 1981). However, the fact that the trial court was made aware of the conduct in this case highlights the potential harm to defendants' due process rights in these cases and underscores that this application of the rule in *Rogers* is more than a mere procedural barrier for the State. Moreover, it establishes that the State was aware of the alleged violation prior to the motion to revoke and that they were not "newly discovered" violations when the trial court ruled on them at the second hearing.

14

App. 1986) (quoting this specific language from *Rogers*); *Kopeski v. State*, No. 09-10-00232-CR, 2011 WL 3505272, at *4 (Tex. App.—Beaumont  Aug. 10, 2011, no pet.) (same).  Accordingly, regardless of whether the allegations were formally made, or in fact made at all, at the prior hearing, the trial court violated appellant's due process rights when, after continuing probation at the first hearing, it revoked appellant's probation at the second hearing in the absence of allegations of a subsequent violation or newly discovered evidence of a prior violation.  *See id.*

Appellant's first issue is sustained.

## IV.  CONCLUSION

We reverse the trial court's order revoking probation and remand for proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of May, 2014.

15